*Judge Pauley*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 8642**

------------------------------------------------------------x

PARAMOUNT APPAREL, LTD.,

                  Plaintiff,

- against -

THE CHILDREN'S PLACE RETAIL STORES, INC.,

                  Defendant.

------------------------------------------------------------x

Civil Action No.:
  ECF CASE

**COMPLAINT**

JURY TRIAL DEMANDED



RECEIVED
OCT 0 5 2007
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff, Paramount Apparel, Ltd. ("Paramount"), by its attorneys, Tannenbaum Helpern Syracuse & Hirschtritt LLP, for its Complaint herein alleges:

### The Parties

      1. Paramount is a New York corporation having its principal place of business at 1407 Broadway, New York, New York 10022.

      2. Upon information and belief, defendant The Children's Place Retail Stores, Inc. ("Children's Place") is a Delaware corporation with its principal place of business at 915 Secaucus Road, Secaucus, New Jersey 07094.

      3. Upon information and belief, Defendant currently does business and/or transacts business from which this action arises in the State of New York.

### Jurisdiction

      4. This Court has subject matter jurisdiction of this action under § 39 of the Lanham Act, 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, 1332, 1337, 1338(a) and (b), and under the supplemental jurisdiction of this Court, as embodied in 28 U.S.C. § 1367(a). Plaintiff and

Defendant are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## Nature of the Action

5. This is an action for trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114, false designation of origin and unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), trademark infringement and unfair competition in violation of the common law of New York and other states, trademark infringement in violation of New York Arts and Cultural Affairs Law § 33.09, and deceptive trade practices in violation of the laws of New York, including New York General Business Law § 349. Paramount seeks injunctive relief, disgorgement of Children's Place's infringing profits, treble damages, punitive damages, costs and attorneys' fees, and an order for delivery and destruction of infringing materials.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Plaintiff's Business and Marks

6. Paramount, together with its affiliates Bronton Apparel Ltd. and Bronson Sales Corp., engages in the design, manufacturing, distribution and sale of men's, women's, children's and infants' apparel, including, but not limited to, jackets, coats, snowsuits, ski jackets, ski pants and other outerwear.

7. Since at least May 1, 1995, Paramount has used in commerce the trademarks BIG CHILL OUTERWEAR and BIG CHILL for apparel including children's jackets, coats, snowsuits, ski jackets and ski pants.

8. Paramount is the owner of United States Trademark Registration No. 2,237,913 for the trademark BIG CHILL OUTERWEAR for "ladies and children's coats, jackets, snowsuits and ski pants and ski jackets." A copy of the Certificate of Registration therefor is annexed as

[749090-1]

2

Exhibit A. Paramount's BIG CHILL OUTERWEAR trademark has become "incontestable" under the provisions of § 15 of the Lanham Act, 15 U.S.C. § 1065.

9. Paramount's BIG CHILL OUTERWEAR children's apparel is sold, among other places, at major United States department store chains such as Macy's, Kohls, Dillards, Nordstrom, and Boscovs.

10. Through extensive, longtime, exclusive use, advertising and promotion in interstate commerce, Paramount's BIG CHILL OUTERWEAR trademark has come to indicate to actual and prospective consumers and retailers that a single source is responsible for the high quality apparel sold under that mark.

11. Paramount has spent substantial time, money and effort promoting its BIG CHILL OUTERWEAR trademark for high quality apparel, including the children's apparel specified above and establishing the goodwill it symbolizes.

12. Paramount is also the owner of the trademark BIG CHILL for, among other goods, children's, toddler's and infants' clothing, namely jackets, coats, parkas, sweaters, scarves, gloves, headbands, ski masks, vests, bib overalls and mittens. Paramount has used its BIG CHILL trademark in commerce since at least May 1, 1995 and has applied for federal registration of said mark under United States Trademark Application Serial No. 77/196916.

13. Through extensive, longtime, exclusive use, advertising and promotion in interstate commerce, Paramount's BIG CHILL trademark has come to indicate to actual and prospective consumers and retailers that a single source is responsible for the high quality apparel sold under that mark.

14. Paramount is also the owner of United States Trademark Registration No. 2,920,007 for the trademark BIG CHILL NEW YORK for "ladies and children's coats, jackets, snowsuits

and ski pants and ski jackets." A copy of the Certificate of Registration therefor is annexed as Exhibit B. Paramount has used its BIG CHILL NEW YORK trademark in commerce since at least October 1, 2004.

15. Through extensive, longtime, exclusive use, advertising and promotion in interstate commerce, Paramount's BIG CHILL NEW YORK trademark has come to indicate to actual and prospective consumers and retailers that a single source is responsible for the high quality apparel sold under that mark.

16. The trademarks BIG CHILL OUTERWEAR, BIG CHILL and BIG CHILL NEW YORK constitute a "family" of marks belonging to, and used by, Paramount containing the BIG CHILL element. Through extensive, continuous and exclusive use, advertising and promotion of this "family" of marks, including the BIG CHILL element thereof, consumers and retailers have come to regard the BIG CHILL "family" of marks and the BIG CHILL element as an indication that apparel sold under one of the BIG CHILL marks comes from a single source of high quality apparel.

17. Paramount has spent substantial time, money and effort promoting its BIG CHILL "family" of marks for high quality apparel, including the children's apparel specified above and establishing the goodwill it symbolizes.

Defendant's Business and Activities

18. Children's Place is a large, publicly owned designer and retailer of children's apparel and merchandise. Upon information and belief, Children's Place owns and operates approximately 900 "The Children's Place" retail stores throughout the United States and North America, including a number of stores in the Southern District of New York and Manhattan.

Children's Place also markets children's apparel online through its Internet web site located at www.childrensplace.com.

19. Upon information and belief, Children's Place primarily sells its own proprietary brands of children's clothing at price points generally lower than apparel sold under the BIG CHILL OUTERWEAR trademark and the BIG CHILL "family" of marks.

20. Children's Place has not purchased, and, upon information and belief, does not sell, any BIG CHILL OUTERWEAR brand apparel or any apparel sold under any of the BIG CHILL "family" of marks.

21. Upon information and belief, the children's apparel sold by Children's Place is, in general, of lower quality than the apparel sold under the BIG CHILL OUTERWEAR trademark and the BIG CHILL "family" of marks.

22. On or about September 28, 2007, defendants inaugurated a major advertising and promotional campaign for children's apparel of the type sold under Paramount's BIG CHILL OUTERWEAR mark and the BIG CHILL family of marks called THE BIG CHILL OUTERWEAR EVENT. Among other apparel items, Children's Place's THE BIG CHILL OUTERWEAR EVENT promotes the sale of a "puffer jacket" at a price of $29.50 and a "3-in-1 jacket" (a coat that can provide the wearer three different degrees of warmth by adding or removing removable linings or shells) at a price of $39.50. Paramount sells apparel items similar to these items, but of better quality. Paramount's apparel items are also usually sold by retailers at higher price points than the Children's Place apparel items.

23. Children's Place has implemented it's THE BIG CHILL OUTERWEAR EVENT by, among other things:

[749090-1]

5

(a) Installing window displays and in-store displays at its retail locations prominently displaying the slogan THE BIG CHILL OUTERWEAR EVENT in proximity to apparel of the type sold under Paramount's BIG CHILL OUTERWEAR mark and BIG CHILL "family" of marks. Photographs of window displays implementing the campaign at Children's Place's Manhattan retail store are annexed as Exhibit C. Photographs of in-store displays implement the campaign at Children's Place's Manhattan retail store are annexed as Exhibit D;

(b) Posting an animation sequence featuring the THE BIG CHILL OUTERWEAR EVENT slogan on the home page of its online store at the Internet website www.childrensplace.com that ends by displaying the slogan in conjunction with the display of the "puffer jacket" or the "3-in-1 jacket." This animation sequence is the first thing seen by a visitor to the Children's Place website. Screen prints of the end of the animation sequence showing the "puffer jacket" and the "3-in-1 jacket" are annexed as Exhibit E;

(c) Upon information and belief, the THE BIG CHILL OUTERWEAR EVENT slogan is also prominently featured in Children's Place's current advertising and catalogue.

24. Upon information and belief, unless enjoined, Children's Place intends to continue its THE BIG CHILL OUTERWEAR EVENT throughout the Fall and holiday selling seasons.

25. Children's Place's is using its THE BIG CHILL OUTERWEAR EVENT advertising campaign and slogan without a license or permission from Paramount, and, upon

information and belief, is not selling any BIG CHILL OUTERWEAR brand apparel or apparel sold under any of the BIG CHILL family of marks.

Likelihood of Confusion; Injury to Plaintiffs

26. Children's Place's THE BIG CHILL OUTERWEAR EVENT advertising campaign falsely indicates to consumers that the apparel sold at Children's Place is BIG CHILL OUTERWEAR brand apparel and/or, apparel sold under the BIG CHILL "family" of marks, that the apparel sold at Children's Place comes from Paramount or from the same source as BIG CHILL OUTERWEAR brand apparel, or that Children's Place and its goods are associated with, sponsored by, or approved by Paramount.

27. Children's Place's use of THE BIG CHILL OUTERWEAR EVENT advertising campaign allows, and will continue to allow, Children's Place to receive a benefit from goodwill inhering in the BIG CHILL OUTERWEAR trademark and the BIG CHILL "family" of marks, built up at great labor and expense by Paramount, and to gain acceptance and recognition for Children's Place's apparel not based on the merits of those goods, but on the reputation and goodwill associated with Paramount's goods.

28. Children's Place's use of Paramount's trademarks to promote its own brands of apparel damages Paramount both at the time of the initial sale, when the consumer buys the goods in the belief that they are Paramount's apparel, and again later, when the consumer is disappointed in the quality of the apparel and comes to believe that BIG CHILL OUTERWEAR brand apparel, and apparel sold under the BIG CHILL "family" of marks, is no longer of the quality they have come to associate with those marks.

29. Children's Place's use of THE BIG CHILL OUTERWEAR EVENT advertising campaign to promote the sale of apparel of lower quality than Paramount's BIG CHILL

OUTERWEAR brand apparel will also damage Paramount by leading other retailers – Paramount's customers and potential customers – to believe that Paramount is making lower quality versions of its brands available to Children's Place at prices far lower than those offered to other customers, and will discourage other retailers from purchasing and offering BIG CHLL OUTERWEAR brand apparel because they will believe that Children's Place will be able to substantially undercut their retail prices.

30. On or about October 2, 2007, Children's Place was notified in writing that its actions described above were in violation of Paramount's rights. At that time, Paramount demanded that Children's Place cease and desist its unlawful activities described above. Despite communication with Children's Place in an attempt to resolve the matter informally, Children's Place has not been willing to cease its infringing conduct immediately.

## FIRST CLAIM FOR RELIEF
### (Infringement of Federally Registered Trademarks)

31. Paragraphs 1 through 30 above are incorporated herein by reference as if fully set forth at length.

32. Paramount is the owner of the federally registered trademarks identified above, which are valid and subsisting.

33. Paramount has never authorized, licensed, or acquiesced in Children's Place's use of its BIG CHILL OUTERWEAR or BIG CHILL NEW YORK federally registered trademarks.

34. Upon information and belief, the acts of Children's Place described above have been conducted in commerce and have affected, and will continue to affect, Paramount and its business. Said acts constitute trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

35. Upon information and belief, the nature of the acts described above make this an exceptional case under § 35 of the Lanham Act, 15 U.S.C. § 1117(a).

36. Unless Children's Place's infringing activities are enjoined, they will continue to cause Paramount irreparable injury and other damage.

37. Paramount has no adequate remedy at law.

38. By reason of the foregoing, Paramount has been damaged in an amount to be proved at trial and is entitled to recover such damages, and Children's Place's infringing profits, trebled in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117, together with appropriate injunctive relief and attorneys' fees.

## SECOND CLAIM FOR RELIEF
**(Federal Unfair Competition, False Designation of Origin and False Advertising)**

39. Paragraphs 1 through 38 above are incorporated herein by reference as if fully set forth at length.

40. Children's Place's wrongful acts described above constitute use in commerce of a false designation of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact on or in connection with Children's Place's goods or services that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Children's Place with Paramount, or as to the origin, sponsorship, or approval of Children's Place's goods or services.

41. Children's Place's wrongful acts described above further constitute use in commerce of a false designation of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact in connection with Children's Place's goods or services in

commercial advertising that misrepresents the nature and quality of Children's Place's goods and commercial activities.

42. The acts of Children's Place described above constitute violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. By reason of the foregoing, Paramount has been damaged in an amount to be proved at trial and is entitled to recover such damages, and Children's Place's infringing profits, trebled in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117, together with appropriate injunctive relief and attorneys' fees.

### THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

44. Paragraphs 1 through 43 above are incorporated herein by reference as if fully set forth at length.

45. The acts of Children's Place described above have and will continue to unjustly enrich Children's Place at Paramount's expense.

46. The acts of Children's Place described above constitute trademark infringement and unfair competition under the common law of the States of New York and other states where such acts are taking place in that said acts are likely to confuse consumers and retailers as to the source of Children's Place's goods and retail services.

47. Upon information and belief, Children's Place's acts were willful and deliberate.

48. Paramount has been and continues to be irreparably damaged by Children's Place's violations and has no adequate remedy at law. Unless enjoined, Children's Place's violations will continue to injure Paramount and the consuming public.

49. By reason of the foregoing, Paramount has been damaged in an amount to be proved at trial and is entitled to recover compensatory and punitive damages, infringing profits and attorneys' fees.

## FOURTH CLAIM FOR RELIEF
### (Violation of N.Y. Arts and Cultural Affairs Law § 33.09)

50. Paragraphs 1 through 49 above are incorporated herein by reference as if fully set forth at length.

51. Children's Place's knowing acts of using Paramount's trademarks and/or confusingly similar variations or imitations thereof, in connection with the sale of goods the same as, or similar to, Paramount's goods, without Paramount's consent, violates N.Y. Arts and Cultural Affairs Law § 33.09.

52. Upon information and belief, Children's Place's acts were, and continue to be, willful and deliberate.

53. Paramount has been and is being irreparably damaged by Children's Place's violations and has no adequate remedy at law.  Unless enjoined, Children's Place's violations will continue to injure Paramount and the public.

54. By reason of the foregoing, Paramount has been damaged in an amount to be proved at trial and is entitled to recover compensatory and punitive damages, infringing profits and attorneys' fees.

## FIFTH CLAIM FOR RELIEF
### (Deceptive Acts and Practices in Violation of N.Y. Gen. Bus. Law § 349)

55. Paragraphs 1 through 54 above are incorporated herein by reference as if fully set forth at length.

56. The unlawful deceptive acts of Children's Place described above have harmed, and continue to harm, consumers and have a broad impact on consumers at large.

57. The acts of Children's Place described above constitute unfair or fraudulent business practices, and deceptive, untrue and misleading advertising in violation of New York statutory law, including, but not limited to, General Business Law § 349, causing injury to Paramount.

58. By reason of the foregoing, Paramount has been damaged in an amount to be proved at trial and is entitled to recover compensatory and punitive damages, infringing profits and attorneys' fees.

WHEREFORE, Paramount demands the following relief:

(a) A judgment providing that Defendant, Defendant's officers, agents, employees, attorneys, subsidiaries, assigns or related companies, and those in active concert or participation with Defendants, or any of them, who receive actual notice of the judgment by personal service or otherwise, be permanently enjoined from using or employing, directly or indirectly, plaintiff's BIG CHILL OUTERWEAR trademark or any of plaintiff's BIG CHILL "family" of marks, or any other mark, slogan or designation confusingly similar thereto, or that is a colorable imitation thereof in connection with the sale, advertising, promotion or offering of any apparel or retail services;

(b) That Defendant be required to file with this Court, within thirty (30) days after entry of any injunction in this case, a written statement, under oath, setting forth in detail the manner in which Defendant has complied with the injunction;

(c) That Defendant be required to deliver up to Plaintiff for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements or other infringing materials in Defendant's possession bearing the BIG CHILL OUTERWEAR trademark, any of the BIG

CHILL "family" of marks, or any colorable imitation thereof, and all plates, molds, matrices, and other means of making the same.

(d) That an accounting be directed to determine the profits of Defendant resulting from its infringement, false designation of origin and unfair competition, that is the subject of this suit, and that such profits be paid over to Plaintiff;

(e) That Plaintiff recover treble its damages, in an amount to be proved at trial, resulting from Defendant's trademark infringement, false designation of origin and unfair competition;

(f) That Plaintiff recover punitive damages in an amount to be determined at trial;

(g) That Plaintiff recover its costs of this action together with reasonable attorneys' fees; and

(h) That Plaintiff be awarded such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October 5, 2007

>TANNENBAUM HELPERN
>SYRACUSE & HIRSCHTRITT, LLP
>
>By: _____
>    L. Donald Prutzman (LP 1327)
>900 Third Avenue
>New York, New York 10022
>(212) 508-6700
>   Attorneys for Plaintiff
>   Paramount Apparel Ltd.

[749090-1]